```
              THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
                      GREENSBORO DIVISION


THEODORE HOWARD,                 )
     Plaintiff,                  )
                                 )          CASE NO. 1:12-CV-895
     vs.                         )
                                 )
GE MONEY, SMITH DEBNAM NARRON    )
DRAKE SAINTS & MYERS LLP,        )
     Defendants.                 )
```

**ANSWER OF DEFENDANTS**

NOW COME the two defendants, incorrectly denominated "GE Money" and "Smith Debnam Narron Drake Saints & Myers LLP" by and through the undersigned counsel, and respond to the complaint of the plaintiff as follows:

FIRST DEFENSE
RESPONSE TO ALLEGATIONS

Responding to the numbered allegations of the complaint, the defendants say:

1. Subject matter jurisdiction by the district court is not challenged, except to the extent that the plaintiff's claims may be shown to have not been timely made.

2. The defendants deny that the plaintiff is entitled to bring this action for the reasons set forth below.

3. Upon information and belief, the defendants believe Theodore Howard is a resident of Alamance County, North Carolina.

4. The allegation in paragraph 4 is unclear. Nevertheless, it is admitted that GE Capital Retail Bank, FSB, formerly known as GE Money Bank ("GE") is a federally chartered savings bank duly authorized to conduct business in the State of North Carolina. It is further admitted that the law firm of Smith Debnam Narron Drake Saintsing & Myers, LLP ("SD Firm") is a limited liability partnership with its offices in Wake County, North Carolina at the address noted in paragraph 4.

5.  Venue is not challenged.  However, it is denied that the acts alleged occurred at the times the plaintiff contends they occurred and it is denied that any acts of the defendants were in violation of the relevant provisions of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA") or any other laws.

6.  Venue is not challenged.

7.  The defendants are unaware of what entities the plaintiff might be familiar with, and demand strict proof of any evidence plaintiff contends shows improper acts conducted by either defendant.

8.  The defendants are unaware of what entities the plaintiff might recognize, and demand strict proof of any evidence plaintiff contends shows improper acts conducted by either defendant.

9.  The allegations of paragraph 9 are denied.  However, both defendants are entitled to access the credit reports of the plaintiff.

10.  The allegations of paragraph 10 are denied.

11.  The allegations of paragraph 11 are denied.

12.  The allegations of paragraph 12 have been responded to above and those responses are reasserted.

13.  It is admitted upon information and belief that the plaintiff is a consumer.

14.  It is admitted that TransUnion is a credit reporting agency.

15.  It is admitted that a consumer credit report is defined in the FCRA.

16.  It is admitted that the FCRA sets out permissible purposes for obtaining a consumer credit report.

17. The allegations of paragraph 17 are admitted only to the extent that they accurately restate the relevant code provision, and are otherwise denied.

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied inasmuch as the plaintiff's consent is not required when obtaining a credit report for a permissible use.

20. The allegations of paragraph 20 are denied.

21. The allegations of paragraph 21 are denied.

## SECOND DEFENSE

The plaintiff has failed to allege the necessary elements to establish a violation of the FCRA against either defendant. The burden is on the plaintiff to bring forth evidence showing an impermissible use of a credit report. Further, the plaintiff is estopped by his own conduct in the state action (set out below) from asserting that he is "not familiar with" and "does not recognize" the defendants.

## THIRD DEFENSE

The plaintiff has omitted a critical fact in his complaint: he is a defendant in a civil action filed in 2011 by SD Firm on behalf of GE in the General Court of Justice, District Court Division for Alamance County, North Carolina. In that prior pending action, Mr. Howard has asserted fifteen defenses including a defense that GE is not the holder in due course of the account because it was assigned to the SD Firm. Moreover, Mr. Howard asserted numerous counterclaims against GE which have been dismissed with prejudice by that court pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil

Procedure. To the extent that the plaintiff has claims to be asserted against GE and its counsel, SD Firm arising from their efforts to collect the account, those claims arose from the same transactions and occurrences as the matters being litigated in the state court action, and were compulsory counterclaims required by Rule 13 of the North Carolina Rules of Civil Procedure to be filed in the state court action.

FOURTH DEFENSE

The defendants, a creditor seeking to collect an account and its law firm hired to collect the account, are entitled to obtain a credit report showing credit information of the plaintiff. Pursuant to 15 U.S.C. §1681b(a)(3), permissible purposes for providing a consumer credit report include providing it to those who seek the report to a person who:

> A) intends to use the information in connection with a
> credit transaction involving the consumer on whom the
> information is to be furnished and involving the
> extension of credit to, or review or <u>collection of an
> account of</u>, the consumer; or
> ......
> F) [who] otherwise has a legitimate business need for
> the information -- (i) in connection with a business
> transaction that is initiated by the consumer; or
> (ii) to review an account to determine whether the
> consumer continues to meet the terms of the account.
> [Emphasis added.]

Although the defendants do not concede that a credit report was pulled on Mr. Howard at the time he contends it occurred, the defendants were and are well within their rights to pull his credit report in their attempt to collect the account from him that is the subject of the state court action.

FIFTH DEFENSE

This action is an attempt to thwart the efforts of the defendants to exercise their right to collect an account through the courts of the State of North Carolina.

-4-

## SIXTH DEFENSE

Obtaining a credit report for a permissible use does not violate the plaintiff's right to privacy.

## SEVENTH DEFENSE

The plaintiff has no claims under the FCRA; however, if he did, the damages recoverable are limited by the act.

## PRAYER FOR RELIEF

Wherefore the defendants pray that this action be dismissed and that the plaintiff have and recover nothing of them.

This 26th day of September, 2012.

**s/Bettie Kelley Sousa**
Bar Number: NC 9902
Smith Debnam Narron Drake
  Saintsing & Myers, LLP
Attorneys for Defendants
4601 Six Forks Road, Suite 400
Raleigh, NC 27609
Telephone: 919-250-2105
Fax: 919-250-2100
E-mail: bsousa@smithdebnamlaw.com

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

```
THEODORE HOWARD,                   )
     Plaintiff,                    )
                                   )
     vs.                           )     CASE NO. 1:12-CV-895
                                   )
GE MONEY, SMITH DEBNAM NARRON      )
DRAKE SAINTS & MYERS LLP,          )
     Defendants.                   )
```

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the all persons who have made an appearance in the case, and I hereby certify that I have mailed the document to the plaintiff, whom I believe to be a non CM/ECF participant:

Theodore Howard
2359 James Boswell Road
Burlington, NC 27217


This the 26th day of September, 2012.


                                        **/s/Bettie Kelley Sousa**
                                        Bar Number:  NC 9902
                                        Smith Debnam Narron Drake
                                         Saintsing & Myers, LLP
                                        Attorneys for Defendants
                                        4601 Six Forks Road, Suite 400
                                        Raleigh, NC  27609
                                        Telephone:  919-250-2105
                                        Fax:  919-250-2100
                                        E-mail:  bsousa@smithdebnamlaw.com